A CERTIFIED TRUE COPY

MAR - 1 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 1 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1742*

# *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE ORTHO EVRA PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## *TRANSFER ORDER*

This litigation currently consists of five actions in the District of New Jersey and one action each in the Eastern District of New York, the Southern District of New York, the Western District of North Carolina, the Northern District of Ohio, the Southern District of Ohio, the Western District of Pennsylvania, the Western District of Texas, and the Western District of Wisconsin as listed on the attached Schedule A.[1] Plaintiff in the District of New Jersey *Lilly* action moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of New Jersey or, alternatively, the Eastern District of New York. Plaintiffs in three actions, respectively, in the Western District of North Carolina, the Western District of Pennsylvania, and the Western District of Texas oppose centralization but alternatively prefer transfer to the Northern District of Ohio. Plaintiffs in nine potential tag-along actions in the Southern District of Illinois oppose centralization but alternatively prefer transfer to the Southern District of Illinois. Defendants Johnson & Johnson; Johnson & Johnson Pharmaceutical Research & Development, L.L.C.; and Ortho-McNeil Pharmaceutical, Inc., do not oppose centralization and prefer transfer to the Northern District of Ohio. All other responding parties either support or do not oppose centralization and divide their support among the Eastern District of Louisiana, the District of Maryland, the District of New Jersey, the Eastern District of New York, the Northern District of Ohio, and the Southern District of Ohio.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Among other things, these actions share allegations that i) the Ortho Evra contraceptive patch was defectively designed, and ii) plaintiffs received inadequate warnings

---

[1] The Panel has been notified of 54 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

regarding Ortho Evra's side effects and safety profile. All actions seek damages for personal injury and/or economic damages on behalf of users of Ortho Evra, asserting various state law claims, such as negligence, products liability, breach of warranties, and negligent and/or fraudulent misrepresentation regarding the risks of using Ortho Evra. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Objecting plaintiffs argue that centralization is inappropriate because voluntary coordination of discovery among the parties provides a superior alternative to centralization under Section 1407. We disagree. While we applaud every cooperative effort undertaken by parties to any litigation, we observe that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary.

The Panel is persuaded that the Northern District of Ohio is an appropriate transferee district for this litigation. This district enjoys the support of the common defendants and several plaintiffs. Moreover, transfer to the Northern District of Ohio, where the first federal action was filed and is progressing well, provides a relatively central situs in regard to the geographic dispersal of the constituent and potential tag-along actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable David A. Katz for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman