IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE ORTHO EVRA PRODUCTS LIABILITY LITIGATION <br><br> v. <br> THIS DOCUMENT RELATES TO: <br> ALL ACTIONS | Case No. 1:06-40000 <br><br> MDL 1742 <br><br> Judge David A. Katz |

## ALLIANCE HEALTHCARE INFORMATION, INC.'s
## MOTION FOR REIMBURSEMENT OF COSTS AND FEES
## PURSUANT TO F.R.C.P. 45(c)(2)(B)

Alliance Healthcare Information, Inc. ("Alliance"), by and through its undersigned counsel, hereby files its Motion for Reimbursement of Costs and Fees pursuant to Fed. R. Civ. P. 45(c)(2)(B), as well as attorney's fees and costs incurred in bringing this Motion.

I.    **FACTUAL BACKGROUND**

On or about November 14th, 2006, Alliance, a nonparty to this action, received a Subpoena for production of documents arising out of the above-captioned matter. A true and correct copy of the Subpoena is attached hereto as Exhibit "A". The Subpoena sought production of documents arising out of Alliance's relationship with Defendants Johnson & Johnson and Ortho-McNeil Pharmaceuticals, Inc.

Alliance provided call center services in support of the Ortho Evra contraceptive patch. Specifically, since the introduction of the Ortho Evra product in 2001, Alliance operated a call center, staffed by nurses and other medical professionals, which fielded calls from Ortho Evra

708329_1

responsive documents being identified and the redaction efforts being expended. Alliance's production of documents continued with regular shipments of reviewed, redacted, and reproduced documents between December, 2006 and March, 2007. See Alliance-Ms. Orendi Production Correspondence, true and correct copies of which are attached hereto as Exhibit "E".

On March 22, 2007, Alliance's counsel sent Ms. Orendi a letter updating her on the costs incurred to date in responding to the PSC's subpoena. See March 22, 2007 Alliance Letter to Ms. Orendi, a true and correct copy of which is attached hereto as Exhibit "F". The letter reviewed the scope of the work provided thus far, noted the PSC's previous commitment to reimburse Alliance, and requested $22,000 in taxable costs incurred by Alliance as of that date. Id.

On April 4, 2007, Ms. Orendi sent Alliance's counsel an email acknowledging the receipt of Alliance's March 22, 2007 letter, and also acknowledging the PSC's prior commitment to reimburse Alliance "for reasonable costs in connection with document production." See April 4, 2007 Ms. Orendi Email to Alliance, a true and correct copy of which is attached hereto as Exhibit "G". Ms. Orendi instructed Alliance to suspend any further review or production at this time and requested an itemized statement of the $22,000 in costs requested by Alliance. Id.

On April 11, 2007, Alliance's counsel sent Ms. Orendi a letter which included an itemized statement listing the costs incurred through February 28, 2007 as $21,981.43. See April 11, 2007 Alliance Letter to Ms. Orendi and attached Invoices, true and correct copies of which are attached hereto as Exhibit "H". Certain information within the invoices were redacted so as to protect attorney-client privilege, and Alliance excluded numerous entries which it deemed non-reimbursable by the PSC. Id. In Ms. Orendi's response to this letter, she declared the PSC's refusal to reimburse Alliance for the amount previously requested (including any time expended

708329_1

4

by Alliance's counsel) and requested further itemized statements excluding certain categories of costs incurred by Alliance. See April 27, 2007 Ms. Orendi Letter to Alliance, a true and correct copy of which is attached hereto as Exhibit "I".

In a final effort to avoid litigation, counsel for Alliance responded by resubmitting invoices which excluded further costs of Alliance's production. See May 18, 2007 Alliance Letter to Ms. Orendi and attached Invoices, true and correct copies of which are attached hereto as Exhibit "J". After removing entries requested by Ms. Orendi, Alliance made a final offer to accept $16,616.90 in satisfaction of the PSC's commitment to reimburse Alliance for reasonable production costs, despite having incurred costs of over $30,000.00. Id. at 3. On June 28, 2007, Alliance's counsel received a letter from Janet G. Abaray, Esquire, Co-Lead Chair of the PSC. See June 28, 2007 PSC Letter to Alliance, a true and correct copy of which is attached hereto as Exhibit "K". Despite acknowledging the previous correspondence between Ms. Orendi and Alliance's counsel, the PSC declared that Alliance was only entitled to $0.15/page, which it deemed "a reasonable rate of reimbursement to your law firm for the production of Alliance's documents." Id. Alliance subsequently rejected this offer and, after the PSC's letter of October 25, 2007 left Alliance with no hope for an amicable resolution, Alliance proceeded to file the instant motion. See October 2007 Correspondence between Parties, true and correct copies of which are attached hereto as Exhibit "L".

Alliance now seeks reimbursement of the $31,365.32 in reasonable costs and fees it incurred by responding to the subpoena and by bringing this Motion to enforce the PSC's original commitment to Alliance. The $31,365.32 includes the original $21,981.43 Alliance sought from the PSC, which reflected costs incurred through February 28, 2007 that were determined taxable to the PSC. See Exhibit "H". It also includes $9384.32 in costs and fees

708329_1

5

incurred by Alliance between March, 2007, when Alliance originally sought reimbursement from the PSC, and October 31, 2007. See 4/9/07, 5/14/07, and 11/06/07 Invoices, true and correct copies of which are attached hereto as Exhibit "M".

## II. JURISDICTION

The United States District Court for the Northern District of Ohio has jurisdiction over this Motion pursuant to 28 U.S.C. § 1407(b). In re Clients and Former Clients of Baron & Budd, P.C., 478 F.3d 607 (5th Cir. 2007)(recognizing the authority of a transferee court in an MDL to hear discovery disputes arising out of a document production subpoena under 28 U.S.C. § 1407(b)). In the present case, the Northern District of Ohio is the transferee court in the Ortho Evra Products Liability litigation and, consequently, is the appropriate court to hear Alliance's Motion. In deciding the motion, this Court should give "close consideration" to decisions from the Eastern District of Pennsylvania. See In re Automotive Refinishing Paint Antitrust Litigation, 229 F.R.D. 482, 486 (E.D. Pa. 2005)(noting that the "law of [the subpoena-issuing] forum on a federal question....merits close consideration" when resolving discovery disputes in an MDL).

## III. LEGAL ARGUMENT

### a. Nonparty Alliance is Entitled to Recoup the Substantial Fees and Costs Incurred in Responding to the PSC's Broad Subpoena.

Alliance motions this Court to order the reimbursement of the significant expenses incurred by Alliance when it properly responded in good faith to the broad subpoena served by the PSC in the Ortho Evra Multi-District Litigation. As a nonparty with no interest in the outcome of the litigation, Alliance incurred significant expenses identifying, reviewing,

producing, and redacting years of documents containing HIPAA-protected health information of persons calling the Alliance-run Ortho Evra call center. Fed. R. Civ. P. 45(c)(2)(B) specifically empowers this Court to protect nonparties from this type of expense and federal courts have consistently applied the rule, noting that the "entire tenor of Fed. R. Civ. P. 45 is to prohibit a party from simply shifting his significant litigation expenses to a nonparty." Kean v. Dyken, 2006 U.S. Dist. LEXIS 10316, *13-14. (W.D. Mich. 2006).

### i. The PSC is in violation of Fed. R. Civ. P. 45 by imposing undue burden and expense on Alliance, a nonparty to the litigation.

Federal Rule of Civil Procedure 45, which governs subpoenas issued to nonparties, is designed to facilitate the production of discoverable information, while also protecting third parties from unnecessary expenses. Under Rule 45(c)(2), a party or attorney responsible for the issuance and service of a subpoena is instructed to take "reasonable steps **to avoid imposing undue burden or expense** on a person subject to that subpoena." Furthermore, district courts are instructed to "quash or modify a subpoena if it ... subjects a person to an undue burden." Fed.R.Civ.P. 45 (d)(1)(D). Finally, Rule 45(c)(2)(B) provides that "an order to compel production shall protect **any person who is not a party**...from significant expense **resulting from** the inspection and copying commanded." (emphasis added).

Court decisions interpreting and applying Rule 45 reflect a desire to relieve nonparties of their production expenses by requiring the discovering party to pay the associated costs. Under the rule, "a nonparty's legal fees, especially where the work benefits the requesting party, have been considered a cost of compliance reimbursable." In re First American Corp, 184 F.R.D. 234, 241 (S.D.N.Y. 1998)(ordering subpoenaing party to reimburse nonparty $75,000 for costs associated with production of documents). Invoking a sense of fairness, courts have noted that "nonparty witnesses are powerless to control the scope of litigation and discovery, and should

708329_1

7

not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." In re Letters Rogatory Issued by Nat'l Court of First Instance in Commercial Matters, 144 F.R.D. 272, 278 (E.D. PA. 1992)(quoting U.S. v. Columbia Broad. Sys., 666 F.2d 362, 371 (9th Cir. 1982)).

To determine whether or not such an undue burden has been placed on a nonparty to warrant the shifting of costs to the discovering party, courts consider factors including "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed," as well as the witness's status as a nonparty to the litigation. Gabe Staino Motors v. Volkswagen of Am., 2003 U.S. Dist. LEXIS 3194, at *5-6 (E.D.Pa. Feb 28, 2003).

Courts in both the Third and Sixth Circuits have regularly required parties who issue broad discovery requests to bear the costs of production. In 2005, the Eastern District of Pennsylvania ordered the payment of a nonparty's costs in a multidistrict litigation after determining that the scope of the discovering parties' subpoena was too broad, and the burden on the nonparty trade association was too great. In re Automotive Refinishing Paint Antitrust Litigation, 229 F.R.D. 482 (2005). In that case, the claimant issued a subpoena to the trade association requesting numerous documents, electronic files, and records over a period of several years. Id. at 496. The court, noting that the association was small and not a party to the litigation, found the request burdensome and both restricted its scope and ordered the claimant to compensate the association for the costs of production. Id.. See Gabe, 2003 U.S. Dist. LEXIS 3194, at *5-6 (refusing to quash broad domestic subpoena in a civil stock fraud action, but imposing costs of production on international plaintiff requesting documents).

708329_1

8

In the Sixth Circuit, the Western District of Michigan similarly invoked Rule 45 to relieve nonparties from undue burden and expenses under a subpoena to produce documents. In that case, the court refused to issue subpoenas in a civil rights action on behalf of a pro-se plaintiff, when the plaintiff sought an "exceptional number of documents from nonparties." Kean v. Dyken, 2006 U.S. Dist. LEXIS 10316, *13 (W.D. Mich. 2006). The court noted that the plaintiff, the discovering party, had "no apparent ability to pay" for the production costs of the nonparty, and further explained that the "entire tenor of Fed. R. Civ. P. 45 is to prohibit a party from simply shifting his significant litigation expenses to a nonparty." Id. at *13-14.

Here, the PSC issued a broad subpoena requesting extensive documents relating to Alliance's role as a call center for users of the Ortho Evra birth control patch. The documents sought by the PSC, moreover, were infused with highly sensitive, patient-specific information that had to be painstakingly reviewed, identified, and redacted. Alliance, an independent company with no corporate affiliation to any party to this litigation, operated the call center for several years, employing a staff of nurses on a daily basis to respond to customer concerns and questions about the proper use and side effects of the product. Each call generated extensive paperwork containing sensitive information about Ortho Evra customers that was protected under the HIPAA statute.

Alliance retained legal counsel to address the scope of the request and identify its responsibilities both as a nonparty subject to the subpoena and a custodian of confidential information protected under HIPAA. After timely drafting and delivering Objections to the PSC, Alliance's counsel was able to slightly narrow the scope of the document request and to protect Alliance by obtaining the PSC's promise to reimburse it for the costs incurred in locating, reviewing, and producing responsive documents. Still, Alliance was burdened with thousands of

708329_1

documents and emails to prepare for production, the majority of which needed review and redaction of HIPAA-protected information.

Alliance incurred costs and fees of over $30,000 as a result of the PSC's subpoena – a significant amount for a small company offering call center services in suburban Philadelphia. Alliance expressed its concern over these expenses to the PSC and received assurances that the PSC would reimburse those expenses. However, when Alliance sought reimbursement, the PSC reneged on its commitment, despite Alliance's willingness to accept less than what the PSC originally committed to. Given Alliance's nonparty status, its good faith response to the PSC's subpoena, and the significant effort and expense necessary to comply with both the subpoena and applicable privacy laws, this Court should order the reimbursement of all of Alliance's costs and fees.

### ii. All of Alliance's costs and fees, including attorney's fees, are recoverable.

When determining what portion of nonparties' costs and fees to shift to the discovering party, courts applying Rule 45 generally consider the following three factors: (1) Whether the nonparty has an interest in the outcome of the litigation; (2) Which party may more easily bear the costs of production; and (3) Whether the litigation is of public importance. Linder v. Calero-Portocarrero, 183 F.R.D. 314, 322 (D.D.C. 1998), quoting In re Exxon Valdez, 142 F.R.D. 380, 383 (D.C. Cir. 1992); see also In re First American Corp, 184 F.R.D at 241.

Courts are more willing to reimburse a nonparty for their entire costs and fees when, after consideration of these factors, shifting these expenses to the nonparty would result in unfairness. Thus, in the context of a 2005 MDL involving anti-trust claims, the Eastern District of Pennsylvania ordered the plaintiffs in that suit to pay all of a nonparty's "costs of production"

708329_1

10

when it found it would be burdensome on the nonparty trade association to bear the expense since it was a small company. In re Automotive, 229 F.R.D. at 496. The same court limited production and required a plaintiff to compensate a subpoenaed nonparty for "its time and labor in producing documents," stating that if the plaintiff "wishes to proceed against a nonparty rather than a party, it should pay for the burden of [the nonparty's] response." Mycogen Plant Science, Inc. v. Monsanto Co., 164 F.R.D. 623, 628 (E.D. Pa. 1996).

In contrast, courts are less likely to shift all costs and fees when the nonparty bears some responsibility or can readily bear the costs of production. In First American, a court refused to allow PriceWaterhouseCoopers to recover all of the $150,000 in production costs it incurred in responding to a subpoena, when it found that, even though PWC was a nonparty, it was "not the quintessential innocent, disinterested bystander" in the underlying bank fraud litigation and was "involved in litigation....arising out of the same facts." Id. at 242. In Linder, a court limited reimbursement to fifty percent of the costs incurred, in part, because the nonparty was the federal government which was presumably able to bear the costs sufficiently. 183 F.R.D. 314.

Finally, reimbursement under Fed.R.Civ.P. 45 is not limited to the mere copying of documents, but may include the time, labor, and attorney's fees associated with responding to a subpoena. For example, in Mycogen, the court not only expressly provided for the nonparties payment for the **"time and labor** for producing documents," but directed the nonparty to "scrupulously maintain records of the time and materials" before applying to the court "for an award of costs and fees." 164 F.R.D. at 630 (emphasis added).

In First American, the Southern District of New York specifically held that **legal costs are reimbursable** under Rule 45(c)(2)(B). 184 F.R.D. at 240. In that case, the nonparty was reimbursed for significant legal costs incurred in lifting "legal impediments" that were barring

708329_1

11

access to, and production of, documents that were responsive to a subpoena. Id. The court noted that a nonparty's legal fees have been considered a cost of compliance reimbursable "where the work benefits the requesting party." Id. at 241. It also rejected the discovering party's narrow reading of Rule 45(c)(2)(B) to limit reimbursement to costs of "inspection and copying" only, finding this reading ran afoul of "the spirit and purpose of the Rule." Id. The court only ordered partial reimbursement, however, because the nonparty may have had some responsibility in the underlying litigation and, to wit, was presently involved in litigation arising out of the same facts. Id. at 242 (citations omitted). See also In re Petition of Frescati Shipping Co., Ltd., 2006 U.S. Dist. LEXIS 88532 (E.D. Pa.)(awarding all costs and half of legal fees incurred by nonparty responding to subpoena, where counsel fees benefited both nonparty and discovering party); In re Automotive, 229 F.R.D. at 496 (requiring plaintiffs to reimburse nonparty for "costs of production" and noting that nonparty's legal fees are reimbursable).

In the instant case, Alliance is entitled to recovery of all of the costs and fees incurred in responding to the PSC's subpoena, since it is a nonparty, with no interest in the outcome of the litigation, and it cannot more readily bear the costs than the PSC. Alliance acted in good faith after being served with the PSC's broad subpoena and should not now be penalized for it.

Rather than burdening this Court with a Motion to Quash upon receipt of the subpoena, Alliance timely served objections on the PSC and negotiated a reasonable scope of production and delivery schedule. Alliance communicated to the PSC the nature of the Protected Health Information and the sensitive review and redaction necessary in order to comply with the subpoena and the relevant HIPAA regulations. The PSC first lulled Alliance into producing documents with assurances of reimbursement, then reneged once it received the highly relevant documents it sought.

708329_1

The costs for which Alliance seeks reimbursement are reasonable given the burden placed on Alliance and the PSC should not be able to shift their costs to Alliance. By serving a broad subpoena on a call center which addressed issues and concerns arising out of the use of a contraceptive, it is difficult to imagine that the PSC did not anticipate that responsive documents would include sensitive information. Counsel, moreover, explained to the PSC its need to redact such sensitive information and the costs attendant to such a review. Further, given the most sensitive nature of the information, it was appropriate for counsel and its staff to complete the review and redaction of Protected Health Information to ensure compliance with HIPAA regulations and prepare the responsive documents for production to the PSC. Where these costs, including attorney's fees, were necessary "costs of production," and particularly where the PSC agreed to reimbursement, Alliance should not bear these costs as a disinterested nonparty.

### iii. Alliance Properly Preserved its Rights under Rule 45 by Objecting to the Subpoena.

Alliance is entitled to the protections of Fed. R. Civ. P. 45(c)(2)(B) when it timely served written objections to the PSC's subpoena and thereafter negotiated the scope of production and the reimbursement of costs with the discovering party. The PSC's argument, that Alliance was required to file a Motion to Quash in order to preserve its rights, runs afoul of the spirit of Rule 45 and its proper interpretation.

Courts broadly interpret Rule 45 to provide protection to nonparties from significant expenses. In First American, for example, the discovering party claimed that the nonparty who received the subpoena waived its rights to reimbursement under Rule 45(c)(2)(B) because it failed to motion the court for such costs at the start of proceedings. 184 F.R.D. at 239. The court, however, noted that the nonparty, like Alliance here, had raised the issue of costs prior to

708329_1

13

producing the documents. Id. In finding the nonparty's motion for costs timely, the court held that "under Rule 45, a nonparty is not rigidly required to seek reimbursement for the costs of compliance prior to responding to a subpoena." Id.

Additionally, the District Court for the Southern District of Ohio expressly rejected the argument that a nonparty waived its rights to object to a subpoena under Rule 45 when it failed to timely serve written objections. American Electric Power Co. v. United States, 191 F.R.D. 132 (S.D. Ohio 1999). The court specifically considered three factors when deciding that the nonparty had not waived their rights, including the fact that (1) the subpoena was overbroad on its face, (2) the subpoenaed witness was a non party acting in good faith, and (3) counsel for the parties were in contact concerning the nonparty's compliance prior to the time the nonparty challenged the subpoena. Id. at 136-137. Similarly, in Petition of Frescati, the Eastern District of Pennsylvania awarded costs, including attorney's fees, to a nonparty who sought reimbursement following its compliance with the subpoena. 2006 U.S. Dist. LEXIS 88532 at *3. Despite the discovering party's arguments to the contrary, the court noted that the nonparty was not required to file formal objections when the subpoena had been approved by the court and the discovering party had offered to pay all reasonable costs. Id. at *4.

In the instant case, Alliance did not waive its right to protection under Rule 45 when it timely sent written objections to the PSC, regularly communicated with the PSC regarding its compliance, and negotiated with the PSC in good faith. Further, the PSC cannot claim "surprise" at the reimbursement sought, when Alliance expressed its desire for reimbursement and regularly communicated the extent of its work in responding to the subpoena. It would be manifestly unfair to now deny Alliance, who acted in good faith and with respect to this Court's authority,

708329_1

14

the protections of Rule 45 based on a procedural argument that is unsupported by relevant jurisprudence.

### b. **Alliance Is Entitled to the Fees Associated with Bringing this Motion.**

Alliance also seeks recovery of the attorney's fees incurred in bringing this motion, both under Fed.R.Civ.P. 45 and in light of the PSC's refusal to honor its original agreement to reimburse Alliance for the costs of production. Rule 45 specifically contemplates the awarding of reasonable attorney's fees in Section (c)(1). In relevant part, the Rule states:

> "A party or an attorney responsible for the issuance and service of a subpoena **shall take reasonable steps to avoid imposing** undue burden **or expense** on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and **impose upon the party or attorney in breach of this duty** an appropriate sanction, which may include, but is not limited to, lost earnings and **a reasonable attorney's fee.**"

Fed. R. Civ. P. 45(c)(1) (emphasis added).

Thus, this Court is empowered to award attorney's fees where a party or attorney has failed to take "reasonable steps to avoid imposing undue burden or expense" on a person subject to a subpoena.

By inducing Alliance to incur significant expense in responding to its subpoena, under the auspices of a promise to reimburse, the PSC has failed to take "reasonable steps" to avoid imposing undue expense. Rather, the PSC has forced Alliance to incur even more expenses to recover its costs of production, which benefited only the PSC. Even after the PSC initially refused to reimburse Alliance for all of its reasonable costs, Alliance attempted to negotiate a partial recovery of its costs, in an effort to avoid litigation. When the PSC, in its letter of June 28, 2007, issued its final offer of $0.15 a page, Alliance had no other choice but to seek relief from this Court.

708329_1

15

Given the PSC's refusal to honor its commitment to Alliance for the reimbursement of the costs of production, Alliance's good faith attempt to negotiate partial reimbursement, and this Court's discretion under Rule 45, Alliance requests an award of attorney's fees reflecting the costs to bring this Motion, along with the total costs of production incurred in responding to the PSC's subpoena.

## IV. CONCLUSION

WHEREFORE, for the reasons stated herein, Alliance Healthcare Information, Inc. requests payment of $31,365.32, representing the reasonable costs incurred by Alliance in responding to the PSC's subpoena, and the award of a reasonable attorney's fee incurred in bringing this Motion.

Respectfully submitted,

BY: _____
**DAVID M. LAIGAIE, ESQUIRE**
Pro Hac Vice
**MATTHEW M. MAHER, ESQUIRE**
Pro Hac Vice
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
Tel: 215-575-7000
Fax: 215-575-7200
dlaigaie@dilworthlaw.com

Attorneys for Nonparty,
Alliance Healthcare Information, Inc.

Dated: December 4, 2007

## CERTIFICATE OF SERIVCE

I, David M. Laigaie, hereby certify that I caused to be served this Fourth day of December, 2007, via Certified Mail, a true and correct copy of this Motion for Reimbursement of Costs and Fees, upon the following counsel of record.

> Jennifer Orendi, Esquire
> Ashcraft & Gerel LLP
> Suite 400
> 2000 L Street, N.W.
> Washington, D.C. 20036
>
> Lisa Dagostino, Esq.
> Klein & Specter, P.C.
> The Nineteenth Floor
> 1525 Locust Street
> Philadelphia, PA 19102
>
> Janet G. Abaray, Esq.
> Burg Simpson
> 312 Walnut Street
> Suite 2090
> Cincinnati, OH 45202

_____
DAVID M. LAIGAIE, ESQUIRE

708329_1