IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re:  ORTHO EVRA® PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL Docket No. 1742 |
| | | N.D. Ohio Case No. 1:06-40000 |
| | | THE HON. DAVID A. KATZ, U.S.D.J. |
| This Document Relates to: | ) ) ) ) ) ) | |
| ALL CASES | | |

---

**DEFENDANTS' MOTION FOR LEAVE TO FILE
MOTIONS FOR SUMMARY JUDGMENT AND
MOTIONS TO COMPEL DISCOVERY OR OTHERWISE DISMISS**

---

Susan M. Sharko
DRINKER BIDDLE & REATH LLP
*A Delaware Limited Liability Partnership*
500 Campus Drive
Florham Park, NJ  07932-1047
Telephone     (973) 549-7350
Facsimile:    (973) 360-9831
Email:    susan.sharko@dbr.com

Robert C. Tucker (0013098)
Julie A. Callsen (0062287)
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH  44115-1414
Telephone:    (216) 592-5000
Facsimile:    (216) 592-5009
Email:    rtucker@tuckerellis.com
          julie.callsen@tuckerellis.com

*Attorneys for Defendants Johnson & Johnson,
Johnson & Johnson Pharmaceutical Research & Development, LLC,
and Ortho-McNeil Pharmaceutical, Inc.*

Pursuant to Federal Rules of Civil Procedure 56 and 37 and Local Civil Rules 7.1, 7.2, 37.1 and 37.2, per the Court's instructions, and for the reasons set forth on the record during the January 15, 2009 Case Management Conference, Defendants Johnson & Johnson, Johnson & Johnson Pharmaceutical Research & Development, LLC, and Ortho-McNeil Pharmaceutical, Inc., now known as Ortho-McNeil-Janssen Pharmaceuticals, Inc. (collectively, "Defendants") respectfully request leave to file case specific motions for summary judgment and motions to compel discovery or otherwise dismiss in the actions listed in the attached Memorandum of Law.

This Motion shall be returnable on February 26, 2009 at 9:30 a.m.

Pursuant to the instructions of the Court on January 15, 2009, oral argument and the personal appearances of counsel of record for each case are required.

Dated:  January 30, 2009

Respectfully submitted,

*/s/ Susan M. Sharko*
SUSAN M. SHARKO
susan.sharko@dbr.com
DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, NJ  07932-1047
Telephone    (973) 549-7350
Facsimile:    (973) 360-9831

*/s/ Robert C. Tucker*
ROBERT C. TUCKER (0013098)
rtucker@tuckerellis.com
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH  44115-1414
Telephone:    (216) 592-5000
Facsimile:    (216) 592-5009

*Co-Lead Counsel for MDL Defendants
Johnson & Johnson, Johnson & Johnson
Pharmaceutical Research & Development,
LLC, and Ortho-McNeil Pharmaceutical, Inc.*

/s/ Julie A. Callsen
JULIE A. CALLSEN (0062287)
julie.callsen@tuckerellis.com
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH  44115-1414
Telephone:   (216) 592-5000
Facsimile:   (216) 592-5009

*Liaison Counsel for MDL Defendants*
*Johnson & Johnson, Johnson & Johnson*
*Pharmaceutical Research & Development,*
*LLC, and Ortho-McNeil Pharmaceutical, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re:  ORTHO EVRA® PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL Docket No. 1742 |
| | ) | N.D. Ohio Case No. 1:06-40000 |
| | ) | |
| | ) | THE HON. DAVID A. KATZ, U.S.D.J. |
| This Document Relates to: | ) | |
| | ) | **CERTIFICATION** |
| ALL CASES | ) ) | |
| | ) | |

Counsel  for  Defendants  Johnson  &  Johnson,  Johnson  &  Johnson  Pharmaceutical

Research & Development, LLC, and Ortho-McNeil Pharmaceutical, Inc., now known as Ortho-

McNeil-Janssen Pharmaceuticals, Inc., hereby certifies that she has conferred or has attempted to

confer with counsel who represent the individual plaintiffs who are the subject of this Motion,

and she has been unable to resolve the issues presented herein.

Dated:  January 30, 2009

/s/ Susan M. Sharko
SUSAN M. SHARKO
susan.sharko@dbr.com
DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, NJ  07932-1047
Telephone     (973) 549-7350
Facsimile:     (973) 360-9831

*Co-Lead Counsel for MDL Defendants
Johnson & Johnson, Johnson & Johnson
Pharmaceutical Research & Development,
LLC, and Ortho-McNeil Pharmaceutical, Inc.*

## CERTIFICATE OF SERVICE

The foregoing Defendants' Motion for Leave to File Motions for Summary Judgment and Motions to Compel Discovery or Otherwise Dismiss and attached Memorandum of Law in Support has been electronically filed with the Court this 30th day of January, 2009.

*/s/ Susan M. Sharko*
SUSAN M. SHARKO
susan.sharko@dbr.com
DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, NJ  07932-1047
Telephone     (973) 549-7350
Facsimile:     (973) 360-9831

*Co-Lead Counsel for MDL Defendants*
*Johnson & Johnson, Johnson & Johnson*
*Pharmaceutical Research & Development,*
*LLC, and Ortho-McNeil Pharmaceutical, Inc.*

FP01/ 6026166.1

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR LEAVE TO FILE MOTIONS FOR SUMMARY JUDGMENT AND
MOTIONS TO COMPEL DISCOVERY OR OTHERWISE DISMISS**

## I.     OVERVIEW OF PROPOSED MOTIONS

Defendants Johnson & Johnson, Johnson & Johnson Pharmaceutical Research &
Development, LLC, and Ortho-McNeil Pharmaceutical, Inc., now known as Ortho-McNeil-
Janssen Pharmaceuticals, Inc. (collectively, "Defendants") sent four letters to the Court on
December 9, 2008 and January 7, 2009 addressing: (1) ORTHO EVRA® Products Liability
Litigation actions in which summary judgment would be appropriate to dismiss plaintiffs who
lack proof of product usage and/or a medical event which could reasonably be related to their use
of the product; and (2) actions in which plaintiffs' counsel have failed to provide necessary
discovery, including Plaintiff Fact Sheets ("PFSs"), information therein, or medical
authorizations to collect records, despite oral and written requests from counsel for Defendants.

Following a discussion on the record during the January 15, 2009 Case Management
Conference, the Court instructed counsel for Defendants to seek formal leave to file case specific
motions.   Accordingly, Defendants hereby request leave to file case specific motions for
summary judgment in 38 actions and motions to compel discovery or otherwise dismiss, with
costs, in 10 actions.

## II.     PROPOSED SUMMARY JUDGMENT MOTIONS

### A.     Points and Authorities.

A significant number of plaintiffs either did not have clotting events or allege events that
occurred while they were not using ORTHO EVRA®.  These cases should be dismissed with
prejudice and with costs, or in the alternative plaintiffs should be compelled to file a case

specific expert report on medical causation within 30 days. Defendants now seek leave of Court to file such motions in 38 actions.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986); Hedrick v. W. Reserve Care Sys., 355 F.3d 444, 451-52 (6th Cir. 2004). A nonmoving party "may not rely merely on allegations or denials of its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### B. Plaintiffs to be Dismissed on Summary Judgment.

The proposed motions concern the following plaintiffs for the following reasons:

1.  **Ladeirdre Adams** (Ladeirdre Adams v. Johnson & Johnson, et al., MDL Case No. 06-40263, filed by Piper & Lafitte, Shreveport, Louisiana):  This plaintiff alleges a heart attack, but her medical records do not support her allegation. Indeed, Ms. Adams continued to use the patch following her alleged event through December 2004, and she later switched to oral contraceptives in 2005, another form of hormonal birth control. There is no evidence that she had a clotting event relating to her use of ORTHO EVRA®.  A written request to dismiss was made on January 14, 2009.

2.  **Reynalda Alvarado** (Co-plaintiff in <u>Meloney Wright, et al. v. Johnson & Johnson, et al.</u>, MDL Case No. 07-40423, filed by Phillips & Associates, Phoenix, Arizona): This plaintiff alleges that "during the use of the patch" she experienced "abnormal, extremely heavy/painful menses, excessive fatigue, bloating, headaches, heavy legs with pain, and weight gain." Ms. Alvarado did not identify a date for her event in the fact sheet, nor was she hospitalized. Her medical records reveal a history of chronic back pain, dysmenorrhea and uterine fibroids. They show that she lost weight while using ORTHO EVRA® (180 lbs. vs. 190 lbs.). Her OB/GYN records also note a history of pelvic pain prior to menses, leg cramps, headache and abnormal bleeding while she was taking oral contraceptives, prior to her use of ORTHO EVRA®. There is no evidence that Ms. Alvarez had a clotting event that was related to her use of ORTHO EVRA®. Plaintiff's counsel was asked to dismiss the case on November 24, 2008.

3.  **April Bendzick** (<u>April Bendzick v. Johnson & Johnson, et al.</u>, MDL Case No. 07-40381, filed by Parker Waichman Alonso, Great Neck, New York): The medical records for this plaintiff demonstrate that she was not using ORTHO EVRA® at the time of her pulmonary embolism on May 8, 2005, which occurred in the setting of a total abdominal hysterectomy. Plaintiff's counsel was asked to dismiss the case on May 16, 2008, August 6, 2008, and November 25, 2008.

4.  **Tes Browder** (Tes Browder v. Johnson & Johnson, et al., MDL Case No. 07-40136, filed by Amamgbo & Associates, Oakland, California): Ms. Browder alleges post partum cardiomyopathy and congestive heart failure in February 2004 following childbirth on December 6, 2003. It is clear from these medical records and even Ms.

Browder's own PFS responses that her cardiomyopathy and congestive heart failure stemmed from her recent pregnancy and delivery, and not from her alleged use of ORTHO EVRA®, which she apparently still uses.  Plaintiff's counsel was asked to dismiss the case on December 12, 2008.

5.  **Karen Colon** (Karen Colon v. Johnson & Johnson, et al., MDL Case No. 06-40169, filed by John F. Nevares & Associates, Puerto Rico):  Ms. Colon alleges that she became infertile and had irregular menstrual periods as a result of her use of ORTHO EVRA®.  These allegations are not supported by her medical records and fail to state a cause of action upon which relief can be granted. Plaintiff's counsel was asked to dismiss the case on August 21, 2008.

6.  **Brandi Dysart** (Bradi Dysart v. Johnson & Johnson, et al., MDL Case No. 07-40426, filed by The Becnel Firm, Reserve, Louisiana): Ms. Dysart alleges that she had a pulmonary embolism on October 10, 2004.  There is no evidence in the medical records that she was using ORTHO EVRA® at the time of her event.  Plaintiff's counsel was asked to dismiss the case on December 4, 2008.

7.  **Tauni Fields** (Tauni Fields v. Johnson & Johnson, et al., MDL Case No. 07-40427, filed by The Becnel Firm, Reserve, Louisiana): There is no evidence that Ms. Fields was using ORTHO EVRA® at the time of her alleged sinus thrombosis on September 21, 2005.  Indeed, her medical and pharmacy records show that she was using birth control pills and had been for the past seven to eight months since discontinuing the patch in the late summer of 2004, over a year prior to her event.  Plaintiff's counsel was asked to dismiss the case on December 9, 2008

8. **Tricia Franco** (<u>Tricia Franco v. Johnson & Johnson, et al.</u>, MDL Case No. 07-40428, filed by The Becnel Law Firm, Reserve, Louisiana): This plaintiff alleges that she experienced bleeding in late 2005 to February 2006 and had her uterus "frozen and burned" in February 2006. There is no evidence to indicate that she had a clotting event that could have been related to ORTHO EVRA®. A written request to dismiss was made on December 2, 2008.

9. **Michelle Hatchett** (<u>Michelle Hatchett v. Johnson & Johnson, et al.</u>, MDL Case No. 07-40431, filed by The Becnel Law Firm, Reserve, Louisiana): This plaintiff claims that she used ORTHO EVRA® from 2001/02 to 2004. She alleges that she experienced a miscarriage in February/March 2005 and a miscarriage in 2004 "due to chromosomes." There is no evidence that this plaintiff was using ORTHO EVRA ® at the time of her alleged events, and there is no evidence that she had a clotting event. In addition to oral requests, written requests to dismiss were made on May 28, 2008, August 7, 2008, and October 28, 2008. Plaintiff's counsel refused to dismiss this case voluntarily on November 13, 2008.

10. **Ceyona Hill** (Co-plaintiff in <u>Chasdity Brewer v. Johnson & Johnson, et al.</u>, MDL Case No. 07-40322, filed by Ashcraft & Gerel, Washington, D.C.): There is no evidence that this plaintiff was using ORTHO EVRA ® at the time of her alleged events. In addition to an oral request, a written request to dismiss was made on August 12, 2008. In response, plaintiff's counsel asked that a motion be filed.

11. **Debra Huisenga** (<u>Debra Huisenga v. Johnson & Johnson, et al.</u>, MDL Case No. 07-40649, filed by Pulaski & Middleman, Bellaire, Texas): The medical records demonstrate that this plaintiff was on oral contraceptives at the time of her alleged

event, a deep vein thrombosis, on February 28, 2004. In addition to an oral request, a written request to dismiss was made on May 2, 2008.  Plaintiff's counsel has refused to dismiss this case voluntarily.

12. **Gloria Hutton** (Gloria Hutton v. Johnson & Johnson, et al., MDL Case No. 08-40020, filed by Parker Waichman Alonso, Great Neck, New York): Ms. Hutton alleges that she had a deep vein thrombosis on October 26, 2004. According to her medical records, she was not using ORTHO EVRA® at the time of her alleged event.  She had stopped using the patch approximately one month earlier.  Plaintiff's counsel was asked to dismiss the case on July 23, 2008 and November 25, 2008.

13. **Angie Johnson** (Angie Johnson v. Johnson & Johnson, et al., MDL Case No. 07-40433, filed by The Becnel Firm, Reserve, Louisiana): Ms. Johnson alleges that she had headaches, blurred vision, chest pains, and unspecified blood clots in July 2003 related to her use of ORTHO EVRA®.  There is no evidence in the medical records that she had a clotting event that could have been related to ORTHO EVRA®.  Her hospital records show a diagnosis of severe anemia due to dysfunctional uterine bleeding, and she was prescribed LoOvral and iron supplements.  Her records also confirm that she continued to use ORTHO EVRA® post-event through December 2005. Plaintiff's counsel was asked to dismiss the case on December 5, 2008.

14. **Shearelle Johnson** (Thi Nguyen v. Johnson & Johnson, et al., MDL Case No. 08-40005, filed by Parker Waichman Alonso, Great Neck, New York): This plaintiff's medical records demonstrate that she was not using ORTHO EVRA® at the time of her deep vein thrombosis in February 2004. Plaintiff's counsel was asked to dismiss the case on May 25, 2008, August 6, 2008, and November 25, 2008.

15. **Misty Jones** (Misty Jones v. Johnson & Johnson, et al., MDL Case No. 07-40434, filed by The Becnel Law Firm, Reserve, Louisiana): This plaintiff alleges that she experienced hemorrhaging and unspecified blood clots on July 21, 2005 related to her use of ORTHO EVRA®.  There is no evidence in the medical records that she had a clotting event that could have been related to ORTHO EVRA®.  Her hospital records show a diagnosis of dysfunctional uterine bleeding and anemia and she was prescribed an oral contraceptive. A written request to dismiss this case was made on December 2, 2008.

16. **Sabrina Lamar** (Sabrina Lamar v. Johnson & Johnson, et al., MDL Case No. 07-40535, filed by Cellino & Barnes, Buffalo, New York): According to this plaintiff's medical records, she was using the contraceptive Mirena, an IUD, at the time of her alleged stroke on February 10, 2006.  In addition to an oral request, written requests to dismiss were made on October 22, 2008 and November 26, 2008.

17. **Kari Lindner** (Kari Lindner v. Johnson & Johnson, et al., MDL Case No. 07-40343, filed by Watts Law Firm, Corpus Christi, Texas): There is no evidence that this plaintiff was using ORTHO EVRA® at the time of her alleged clotting event.  While the plaintiff did use ORTHO EVRA® at one time, the medical records show that she discontinued using it because of rashes and switched to the birth control pill. Her deep vein thrombosis was diagnosed on February 28, 2004.  Written requests to dismiss were made on April 20, 2008 and October 30, 2008.

18. **Tanya Lott** (Tanya Lott v. Johnson & Johnson, et al., MDL Case No. 07-40169, filed by Parker Waichman Alonso, Great Neck, New York): This plaintiff alleges that she had a myocardial infarction on January 26, 2005. According to her medical records,

Ms. Lott's event was related to coronary artery disease, not her use of ORTHO EVRA®, which she continued to use months after her alleged event. Her risk factors included obesity (5'4", 191 lbs., BMI = 32.8), smoking (1.5 packs per day for nine years prior to event, and she continues to smoke that amount despite repeated admonitions to quit), elevated cholesterol, hypertension, family history of coronary artery disease and heart problems, elevated glucose, and obstructive sleep apnea. Her cardiac problems continued post-event, and she was diagnosed with anginal pectoralis and atherosclerotic heart disease. Plaintiff's counsel was asked to dismiss the case on August 1, 2008, September 3, 2008, and November 25, 2008.

19. **Patricia Marinelli (filed as Marineoli)** (Patricia Marinelli v. Johnson & Johnson, et al., MDL Case No. 07-40436, filed by The Becnel Firm, Reserve, Louisiana): There is no evidence in Ms. Marinelli's hospital or pharmacy records that she was using ORTHO EVRA® at the time she was diagnosed with myocarditis, which is not a clotting event, in January 2003. Ms. Marinelli had chronic pancreatitis with a recent infection, ketoacidosis, uncontrolled diabetes, high cholesterol, hypertension and migraines. She was a pack a day smoker for at least 18 years and had a family history of heart attack and blood clots. Plaintiff's counsel was asked to dismiss the case on December 12, 2008.

20. **Aileen Mendoza** (Aileen Mendoza v. Johnson & Johnson, et al., MDL Case No. 07-40582, filed by Reich & Binstock, Houston, Texas): This plaintiff alleges that she had a deep vein thrombosis on November 16, 2005. According to her medical records, Ms. Mendoza stopped using ORTHO EVRA® one month prior to her alleged event. In addition to oral requests, plaintiff's counsel was asked in writing to dismiss this case on

June 17, 2008, July 23, 2008, August 25, 2008, August 29, 2008, and November 11, 2008.

21. **Rebecca Morrow** (Rebecca Morrow v. Johnson & Johnson, et al., MDL Case No. 07-40595, filed by Parker Waichman Alonso, Great Neck, New York): This plaintiff's medical records demonstrate that she was not using ORTHO EVRA® at the time of her pulmonary embolism on October 22, 2004, and she was in fact using oral contraceptives. Plaintiff's counsel was asked to dismiss the case on August 27, 2008 and November 25, 2008.

22. **Stephanie Mosley** (Stephanie Mosley v. Johnson & Johnson, et al., MDL Case No. 08-40235, filed by Piper & Lafitte, Shreveport, Louisiana): This plaintiff was using an oral contraceptive at the time of her alleged clotting event on April 4, 2007. There is no evidence that Ms. Mosley used ORTHO EVRA® at the time of her alleged event or at any other time. Plaintiff's counsel was asked to dismiss the case on December 23, 2008.

23. **Kathleen Nackley** (Kathleen Nackley v. Johnson & Johnson, et al., MDL Case No. 06-40046, filed by Parker Waichman Alonso, Great Neck, New York): This plaintiff's medical records demonstrate that she was not using ORTHO EVRA® at the time of her pulmonary embolism on January 23, 2003. Plaintiff's counsel was asked to dismiss the case on June 27, 2008, August 22, 2008, and November 25, 2008.

24. **Thi Nguyen** (Thi Nguyen v. Johnson & Johnson, et al., MDL Case No. 07-40513, filed by Parker Waichman Alonso, Great Neck, New York): This plaintiff's medical records demonstrate that she was not using ORTHO EVRA® at the time of her deep vein thrombosis and bilateral pulmonary embolism on June 13, 2005. Plaintiff's counsel was asked to dismiss the case on May 14, 2008, August 6, 2008, and November 25, 2008.

25. **Sabrina Osbon** (Sabrina Osbon v. Johnson & Johnson, et al., MDL Case No. 07-40715, filed by Parker Waichman Alonso, Great Neck, New York): This plaintiff's medical records demonstrate that she was not using ORTHO EVRA® at the time of her pulmonary embolism on December 27, 2004.  Plaintiff's counsel was asked to dismiss the case on November 25, 2008.

26. **Nicole Perry** (Nicole Perry v. Johnson & Johnson, et al., MDL Case No. 08-40135, filed by Parker Waichman Alonso, Great Neck, New York): This plaintiff alleges that she had a left occipital polar venous thrombosis on March 1, 2005. According to the medical records, Ms. Perry did not sustain a clotting event, and her neuro-opthalmologist confirmed that her vision disturbances were not caused by use of ORTHO EVRA®.  Plaintiff's counsel was asked to dismiss the case on September 19, 2008 and November 25, 2008.

27. **Veronique Peters** (Co-plaintiff in Meloney Wright, et al. v. Johnson & Johnson, et al., MDL Case No. 07-40423, filed by Phillips & Associates, Phoenix, Arizona): This plaintiff alleges that she had a pulmonary embolism on September 19, 2005.  Ms. Peters' pharmacy records show the last prescription for ORTHO EVRA® was filled on November 20, 2004.  Thus, she was off of the patch for 10 months prior to her alleged event.  This coincides with Ms. Peters giving birth on September 16, 2005, 3 days prior to her alleged event, and her discharge summary, which lists the principal diagnosis as post-partum pulmonary embolism.  Plaintiff's counsel was asked to dismiss the case on August 4, 2008

28. **Billie Jo Rinehamer** (Billie Joe Rinehamer v. Johnson & Johnson, et al., MDL Case No. 07-40438, filed by The Becnel Law Firm, Reserve, Louisiana): This plaintiff  was

eight weeks pregnant at the time of her August 2004 deep vein thrombosis.   She became aware of her pregnancy at least two weeks before her event.  Ms. Rinehammer resumed using the patch after she gave birth in 2005.  The medical records reflect that on March 31, 2006, plaintiff called her OB/GYN clinic to determine when she was prescribed ORTHO EVRA® and whether her left leg deep vein thrombosis was the result of her pregnancy. A written request to dismiss was made on January 12, 2009.

29. **Erica Robinson** (Co-plaintiff in Yarhonda Wells, et al. v. Johnson & Johnson, et al., MDL Case No. 06-40245, filed by The Singleton Law Firm, Shreveport, Louisiana): This plaintiff claims that she used ORTHO EVRA® from September 2004 to July 2005.  She alleges that after the first 1½ to 2 months of using ORTHO EVRA®, "wherever I would place the patch my skin would change a little color and I haven't used the patch for a while and my skin hasn't changed back to normal color and also I have suffered with headaches while using patch."  She was not hospitalized.  There is no mention of a clotting event in her Plaintiff Fact Sheet. In addition to an oral request, a written request to dismiss was made on October 22, 2008.  Plaintiff's counsel has refused to dismiss this case voluntarily.

30. **Ana Santana Rosa** (Luis Santana Guillen, in representation of minor daughter, Ana Santana Rosa v. Johnson & Johnson, et al., MDL Case No. 07-40157, filed by John F. Nevares & Associates, Puerto Rico):  Ms. Rosa alleges a pulmonary embolism in March of 2006, but the medical workup was negative for a pulmonary embolism. Plaintiff was found to have experienced an allergic reaction of unknown etiology. Defendants requested a dismissal on August 21, 2008.

31. **Angela Scherbath** (*Angela Scherbath v. Johnson & Johnson, et al.*, MDL Case No. 07-40462, filed by Pulaski & Middleman, Bellaire, Texas, and Williams Kherkher Hart Boundas, LLP, Houston, Texas): The medical records demonstrate that at the time of plaintiff's pulmonary embolism on July 1, 2005, she was using an intrauterine device for birth control and had not used ORTHO EVRA® for at least five months.  An oral request to dismiss this case was made in October 2008, but no clear response was given.

32. **Laura Scully** (*Laura Scully v. Johnson & Johnson, et al.*, MDL Case No. 08-40150, filed by Parker Waichman Alonso, Great Neck, New York): This plaintiff alleges that she had a deep vein thrombosis on May 11, 2005. There is no evidence in Ms. Scully's hospital or pharmacy records that she was using ORTHO EVRA® at the time of her alleged event.  Plaintiff's counsel was asked to dismiss the case on November 25, 2008.

33. **Elizabeth Gayle Smith** (*Elizabeth Gayle Smith v. Johnson & Johnson, et al.*, MDL Case No. 06-40260, filed by Parker Waichman Alonso, Great Neck, New York): Ms. Smith alleges that she had a stroke on August 20, 2004. According to her medical records, Ms. Smith did not sustain a clotting event.  In fact, post-event records, including an MRI, state that Ms. Smith had "old encephalomalacia." Plaintiff's counsel was asked to dismiss the case on July 29, 2008, September 3, 2008, and November 25, 2008.

34. **Regina Thomas** (*Regina Thomas v. Johnson & Johnson, et al.*, MDL Case No. 07-40442, filed by The Becnel Law Firm, Reserve, Louisiana): This plaintiff alleges that she experienced unspecified blood clots on an unspecified date related to her use of ORTHO EVRA®.  There is no evidence in the medical records that she had a clotting

event that could have been related to ORTHO EVRA®. Her pharmacy records show that she last filled a prescription for the patch in April 2004. Seven months later, she was treated in the ER on November 3, 2004, and was noted to be taking iron and no other medications. Discharge diagnosis was dysfunctional uterine bleeding for which she was prescribed an oral contraceptive. A written request to dismiss was made on December 2, 2008.

35. **Olivia Townsend-Williams** (Olivia Townsend-Williams v. Johnson & Johnson, et al., MDL Case No. 07-40443, filed by The Becnel Law Firm, Reserve, Louisiana): This plaintiff alleges that she experienced a deep vein thrombosis on November 25, 2004 related to her use of ORTHO EVRA®. However, there is no evidence in the medical records that she was using the patch at the time of her event. Her pharmacy records confirm that she last filled a prescription for ORTHO EVRA® on June 16, 2004, over five months prior to her event. Further, none of her event records mention ORTHO EVRA® as a current medication. A written request to dismiss was made on December 1, 2008.

36. **Ashley Webber** (Co-plaintiff in Meloney Wright, et al. v. Johnson & Johnson, et al., MDL Case No. 07-40423, filed by Phillips & Associates, Phoenix, Arizona): This plaintiff alleges that she had "blood clots in menstrual cycle, extreme cramping with irregular bleeding" in 2003. Ms. Webber was not hospitalized. Medical records indicate Ms. Webber's history of irregular menses starting at age 13, and passing clots in her menstrual cycle and severe cramping while using oral contraceptives. Her records also show that she desired to continue using ORTHO EVRA®, and she did so through December 2003. There is no evidence that Ms. Webber had a clotting event

while using ORTHO EVRA®. Plaintiff's counsel was asked to dismiss the case on August 6, 2008.

37.  **Lurre Wheatley** (Lurre Wheatley v. Johnson & Johnson, et al., MDL Case No. 07-40444, filed by The Becnel Law Firm, Reserve, Louisiana):  This plaintiff claims that she experienced bleeding, blood clots, and a miscarriage.  These are not actionable events, and the medical records do not support the claim that the plaintiff was using ORTHO EVRA at the time on any of her alleged events. In addition to oral requests, written request to dismiss were made on May 28, 2008, August 7, 2008, and October 28, 2008.  Plaintiff's counsel refused to dismiss this case voluntarily on November 5, 2008.

38.  **Meloney Wright** (Meloney Wright, et al. v. Johnson & Johnson, et al., MDL Case No. 07-40423, filed by Phillips & Associates, Phoenix, Arizona): This plaintiff alleges that she had "severe headaches, eye strain, dry mouth and eyes, neck and shoulder pain, and respiratory problems" on January 16, 2006.  According to her medical records, Ms. Wright was admitted on January 16, 2006 with jaw pain after being punched. Three days later, she was admitted for neck pain. At subsequent emergency room visits in March 2006 for headaches, Ms. Wright's physicians attributed her headaches to "tension; neck tightness," and on March 28, 2006 it was noted that Ms. Wright "may have some psyche component to these complaints."  There is no evidence that Ms. Wright had a clotting event or any other event that could have been related to her use of ORTHO EVRA®. Plaintiff's counsel was asked to dismiss the case on August 26, 2008.

## II.    PROPOSED MOTIONS TO COMPEL OR OTHERWISE DISMISS

### A.    Points and Authorities.

Discovery and case preparation efforts have stalled in 10 actions because plaintiffs have failed to provide necessary discovery, included PFSs, medical record authorizations, and information regarding treating physicians or health history, in accordance with Case Management Order No. 4.

Defendants seek dismissal of 10 complaints for failure to comply with the Case Management Order and also seek costs and fees for the trouble of having to chase and harry nonresponsive plaintiffs' counsel for basic discovery to which Defendants are entitled.  When a motion to compel discovery is granted, "the court shall, after affording an opportunity to be heard, require the ... attorney advising such conduct ... to pay to the moving party the reasonable expenses incurred in making the motion, including attorneys' fees." See Uszak v. Yellow Transp., Inc., 2007 WL 2085403, at *8 (N.D. Ohio 2007) (quoting Fed. R. Civ. P. 37(a)(4)(A)).

### B.    Cases in Which Discovery Should Be Compel.

The proposed motions concern the following plaintiffs for the following reasons:

1. **Jasmine Banks-Carter** (Co-plaintiff in Tes Browder, et al. v. Johnson & Johnson, et al., MDL Case No. 07-40136, filed by Amamgbo & Associates, Oakland, California): Plaintiff's counsel has failed provide complete and responsive answers to her PFS form as requested by letter and phone on August 5, 2008, September 10, 2008, and October 29, 2008.

2. **Jolene Bishop** (Jolene Bishop v. Johnson & Johnson, et al., MDL Case No. 08-40093, filed by The Becnel Firm, Reserve, Louisiana): Plaintiff's counsel has failed provide complete and responsive answers to her PFS form as requested by letter and phone on

July 16, 2008, September 4, 2008, and December 12, 2008. The PFS is wholly deficient, with 18 out of 28 pages of questions left blank.  Plaintiff identified only 2 healthcare providers, one of whom reportedly has no records for any treatment of the plaintiff.

3.   **Valerie Blackburn, as Trustee of the Estate of Meagan Caldwell** (*Valerie Blackburn, Individually and as Trustee of Heirs and Next of Kin of Deceases, Meagan Caldwell v. Johnson & Johnson, et al.*, MDL No. 07-40494, filed by Reich & Binstock, Houston, Texas): Plaintiff's counsel advised in July 2008 that this action would be dismissed and in August 2008 advised that it would be referred to other counsel. Defendants contacted counsel to confirm that the case would be dismissed with prejudice, and on August 29, 2008 sent plaintiff's counsel a letter enclosing a Stipulation of Dismissal with Prejudice. Since then, counsel for Defendants has requested orally and in writing, on numerous occasions, updates regarding the dismissal of this action without satisfactory responses. Defendants seek to have plaintiff's counsel sign the Stipulation of Dismissal with Prejudice, or in the alternative request that the Court order plaintiff's counsel to provide medical record authorizations and required discovery responses immediately, along with payment of costs due to failure to prosecute this action.

4.   **Miriam Bragg** (*Miriam Bragg v. Johnson & Johnson, et al.*, MDL Case No. 07-40445, filed by The Becnel Firm, Reserve, Louisiana): Plaintiff's counsel has failed provide complete and responsive answers to her PFS form as requested by letter and phone on June 3, 2008, August 12, 2008, and December 12, 2008.  Fifteen pages of the PFS were left blank. Plaintiff identified only one healthcare provider who cannot be located.

5.  **Tanja Bullard** (Miriam Bragg v. Johnson & Johnson, et al., MDL Case No. 07-40446, filed by The Becnel Firm, Reserve, Louisiana): Plaintiff's counsel has failed provide complete and responsive answers to her PFS form as requested by letter and phone on May 28, 2008, August 11, 2008, December 12, 2008, and December 22, 2008.   Twelve pages of the PFS were left blank. Plaintiff identified only 2 providers, one of whom is deceased and the other reportedly has no records for any treatment of the plaintiff.

6.  **Nakendra Henry** (Miriam Bragg v. Johnson & Johnson, et al., MDL Case No. 07-40530, filed by The Becnel Firm, Reserve, Louisiana): Plaintiff's counsel has failed provide complete and responsive answers to her PFS form as requested by letter and phone on May 28, 2008, August 12, 2008, and December 12, 2008.  Thirteen pages of the PFS were left blank. Plaintiff identified only 3 providers for decedent, one of whom reportedly has no records for any treatment of the decedent.

7.  **Lealer Jackson (Estate of Marion Jackson)** (Lealer Jackson, Administratrix of the Estate of Marion Jackson v. Johnson & Johnson, et al., MDL Case No. 08-40122, filed by The Niblock Law Firm, Fayetteville, Arkansas and The Gallagher Law Firm in Houston, Texas): Plaintiff's counsel has failed provide complete and responsive answers to her PFS form as requested by letter and phone on June 23, 2008, September 3, 2008, November 17, 2008, and January 19, 2009.

8.  **Ashante Legard** (Ashante Legard, et al. v. Johnson & Johnson, et al., MDL Case No. 08-40197, filed by The Law Offices of Heidi M. Vessel, Esq.): Plaintiff's counsel has failed to serve the PFS or required authorizations, which were due on June 23, 2008. In addition to oral requests, a written request was made on November 24, 2008.

9.    **Natalie Vargas** (<u>Vargas v. Johnson & Johnson, et al.</u>, MDL Case No. 08-40113, filed by the Law Offices of Barry Siskin, New York, New York): Plaintiff's counsel has failed to serve the PFS or required authorizations, which were due on April 12, 2008. In addition to several oral requests, written requests were made on July 15, 2008, August 4, 2008, August 28, 2008, and November 18, 2008.

10.   **Stuart Weichsel (Estate of Chaya Blachorsky)** (<u>Estate of Chaya Blachorsky v. Johnson & Johnson, et al.</u>, MDL Case No. 07-40061, filed by pro se Stuart Weichsel, New York, New York): Plaintiff has failed provide complete and responsive answers to the PFS form as requested by letter and phone on August 4, 2008, August 28, 2008, and October 22, 2008.

## IV.    CONCLUSION

For the foregoing reasons, Defendants request entry of an order granting leave to file 38 case specific summary judgment motions, to seek the alternative relief of an order compelling each plaintiff to provide an expert report on specific causation, and to request cost awards. Additionally, Defendants request entry of an order granting leave to file 10 case specific motions to compel or otherwise dismiss, and to request cost awards due to plaintiffs' failure to prosecute their cases, in accordance with Federal Rule of Civil Procedure 37 and Local Civil Rules 37.1 and 37.2.

Dated:  January 30, 2009

Respectfully submitted,

*/s/ Susan M. Sharko*
SUSAN M. SHARKO
susan.sharko@dbr.com
DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, NJ  07932-1047
Telephone     (973) 549-7350
Facsimile:     (973) 360-9831

*/s/ Julie A. Callsen*
JULIE A. CALLSEN (0062287)
julie.callsen@tuckerellis.com
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH  44115-1414
Telephone:   (216) 592-5000
Facsimile:    (216) 592-5009

*Liaison Counsel for MDL Defendants Johnson & Johnson, Johnson & Johnson Pharmaceutical Research & Development, LLC, and Ortho-McNeil Pharmaceutical, Inc.*

*/s/ Robert C. Tucker*
ROBERT C. TUCKER (0013098)
rtucker@tuckerellis.com
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH  44115-1414
Telephone:   (216) 592-5000
Facsimile:    (216) 592-5009

*Co-Lead Counsel for MDL Defendants Johnson & Johnson, Johnson & Johnson Pharmaceutical Research & Development, LLC, and Ortho-McNeil Pharmaceutical, Inc.*