UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

IN RE: ORTHO EVRA PRODUCTS LIABILITY LITIGATION

N.D. Ohio Case No. 1:06-40000

MDL Docket No. 1742

This Document Relates To:

ALL CASES.

O R D E R

This matter is before the Court on the Plaintiffs' Steering Committee's ("PSC's") unopposed motion for reimbursement of costs. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## DISCUSSION

Under Amended Case Management Order ("CMO") No. 9 (Doc. No. 50), "payments may be made from the Common Benefit Fund to attorneys who provide services or incur expenses for the joint and common benefit of plaintiffs in addition to their own client or clients." The agreements signed by participating counsel indicate that "[s]uch sums shall be distributed only upon the Order of the Court in MDL 1742, which will be issued in accordance with applicable law governing the award of fees and costs in cases involving the creation of a common benefit."

On May 7, 2008, this court previously approved reimbursement of common benefit expenses in the amount of $522,959.56 (Doc. No. 282).

In this petition, the PSC seeks reimbursement of incurred common benefit expenses in the amount of $811,444.21.

The PSC has carefully detailed the categories of expenses appropriate for reimbursement. Additionally, the PSC sets forth the procedures undertaken to ensure the expenses were appropriate, were verified via appropriate receipts and that the costs met the standards for approval under CMO 9. The PSC has also undertaken measures to prevent

inadvertent duplication of expenses.

The Court has reviewed each of the summaries, receipts and supporting documentation submitted by each of the 31 firms and entities requesting reimbursement for common benefit expenses. It is clear that the PSC took great pains to carefully audit each submission, and in some cases requested supporting documentation, before approving a final number for the particular entity seeking reimbursement. Moreover, the expenses for which reimbursement is sought were incurred to conduct common discovery and inured to the benefit of all plaintiffs in this complex litigation. *See Myers v. MedQuist, Inc.*, 2009 WL 900787 *18 (D.N.J. March 31, 2009), *citing Yong Soon Oh v. AT & T Corp.*, 225 F.R.D. 142, 154 (D.N.J. 2004).

The Court further finds that the request herein does not exceed the amount currently in the Common Benefit Fund. Finally, the expenses are deemed reasonable and compensable for this complex litigation which is now 3 years old.

Therefore, pursuant to CMO 9, the Court finds the motion (Doc. No. 366) to be well taken and orders reimbursement of common benefit expenses for the PSC costs, as well as reimbursement of common benefit expenses for the firms listed in the memorandum in support, in the amount of $811,444.21.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE